**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLLEEN HUBER,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States of America; et al.,<br><br>        Defendants-Appellees. | No.   22-15443<br><br>D.C. No. 3:21-cv-06580-EMC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted December 6, 2022
San Francisco, California

Before: NGUYEN and KOH, Circuit Judges, and BATAILLON,** District Judge.

Colleen Huber ("Huber") appeals from the district court's dismissal with prejudice of her operative complaint alleging violations of her First and Fifth Amendment rights. Because the parties are familiar with the facts of this case, we

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

do not recite them here. We review de novo dismissals for failure to state a claim, *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1114 (9th Cir. 2021), and we affirm.

The district court properly dismissed Huber's constitutional claims because she failed to sufficiently allege state action. Dismissal is proper when a complaint lacks "sufficient 'well-pleaded, nonconclusory factual allegation[s]' . . . to state 'a plausible claim for relief.'" *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679–80 (2009)).

1. Huber argues that state action exists under the joint action test because she has plausibly alleged a conspiracy between Twitter and the government. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012). To prove a conspiracy between a private entity and the government, "an agreement or meeting of the minds to violate constitutional rights must be shown." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983) (internal quotation marks and citation omitted).

Here, the complaint does not contain any nonconclusory allegations plausibly showing an agreement between Twitter and the government to violate her constitutional rights. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008) ("[A] bare allegation of such joint action will not overcome a motion to dismiss." (citation omitted)). Contrary to Huber's argument, the two media reports on which she draws do not plausibly show that Twitter agreed to

suspend her account on the government's behalf. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ("[T]he court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (citation omitted)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").

Moreover, "an allegation is not plausible where there is an 'obvious alternative explanation' for alleged misconduct." *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1055 (9th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 682). Huber's allegations do not "tend to exclude the possibility" of the alternative explanation that Twitter, in suspending her account, was independently enforcing Huber's violation of Twitter's Terms of Service. *See In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013). Indeed, the complaint contains no allegations that Huber did not violate Twitter's Terms of Service or that Twitter would not have suspended Huber's account absent the alleged conspiracy. *See id.* ("To render their explanation plausible, plaintiffs must do more than allege facts that are merely consistent with both their explanation and defendants' competing explanation.").

2. Huber also argues that state action exists because the enactment of § 230 of the Communications Decency Act preempts her speech protection under the

3

Unruh Act. Even assuming this is a plausible theory of state action, Huber's argument fails on its own terms because she cannot state an Unruh Act claim. The Unruh Act protects "[a]ll persons within the jurisdiction of [California]" from certain forms of discrimination. Cal. Civ. Code § 51(b). Thus, the Unruh Act "by its express language applies only within California." *Archibald v. Cinerama Hawaiian Hotels, Inc.*, 140 Cal. Rptr. 599, 604 (Cal. Ct. App. 1977), *disapproved on other grounds by Koire v. Metro Car Wash*, 707 P.2d 195 (Cal. 1985).

Here, Huber, a resident of Arizona, does not allege that she suffered the challenged discrimination while in California. Huber cites no authority applying the Unruh Act extraterritorially, nor offers any basis to overcome the statute's plain language or the presumption against extraterritorial application of California law. *See Sullivan v. Oracle Corp.*, 254 P.3d 237, 248 (Cal. 2011) ("[W]e presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state, . . . unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history." (internal quotation marks and citation omitted)).

**AFFIRMED.**